UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIELA ALATORRE RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, et al.,<br><br>Respondents. | Case No.: 3:25-cv-02940-RBM-JLB<br><br>**ORDER TO SHOW CAUSE AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. 2] |

On October 30, 2025, Petitioner Mariela Alatorre Rodriguez ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) The same day, Petitioner filed a Motion for Appointment of Counsel (Doc. 2) and a Financial Affidavit ("Affidavit") (Doc. 3). Petitioner claims that she is being detained by United States Immigration and Customs Enforcement ("ICE") in violation of: (1) the discretionary detention procedures set forth in 8 U.S.C. § 1226; (2) the Administrative Procedure Act; and (3) the Fifth Amendment. (Doc. 1 at 2, 6; Doc. 2 at 4.)[1]

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

## I. ORDER TO SHOW CAUSE

Having reviewed the Petition, the Court finds summary dismissal of the Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted).

Accordingly, Respondents are **ORDERED TO SHOW CAUSE** on or before **November 17, 2025 at 4:30 p.m.** as to why the Petition should not be granted by: (1) filing a written response; (2) making a recommendation regarding the need for an evidentiary hearing on the Petition; and (3) filing copies of all documents or evidence identified below or otherwise relevant to the determination of the issues raised in the Petition. Petitioner shall file a reply on or before **November 20, 2025 at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

In support of their response, Respondents are **ORDERED** to file copies of the following documents or evidence, to the extent such copies exist, as exhibits:

1. Any documents or evidence reflecting Petitioner's status as an "applicant for admission" into the United States.
2. Any documents or evidence indicating that Petitioner was provided with an opportunity to be heard.

Furthermore, both the response and reply shall address whether Petitioner is entitled to the due process rights of a noncitizen seeking initial entry into the United States or the due process rights of a noncitizen with established connections in the United States. Noncitizens "seeking initial entry" who are "on the threshold" of entering the United States have "only those rights . . . that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). But noncitizens "who have established connections in this country have due process rights in deportation proceedings." *Id.*; see also *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).

/ / /

/ / /

To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **MUST NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A(b). (Doc. 2 at 4.) "Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted). The appointment of counsel is left to the sound discretion of the Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

Petitioner represents that she does not have a job or any savings, financially supports two people, and has only a vehicle worth $5,000. (Doc. 3 [Affidavit] at 1.) Petitioner has sufficiently alleged that she cannot afford to hire counsel.

Petitioner also asserts that her petition is likely to succeed on the merits because mandatory detention under 8 U.S.C. § 1225 "ignores clear precedent" and violates principles of statutory construction. (Doc. 2 at 5 (citing *Torres v. Barr*, 976 F.3d 918, 927 (9th Cir. 2020) for the proposition that she is no longer an applicant for admission, and arguing that the mandatory detention policy renders superfluous the Laken Riley Act).) However, because she is in custody and "unfamiliar with the law and procedures," Petitioner is unable to contend with the case's complex legal issues. Although Petitioner's immigration attorney assisted her in filing the Petition, Motion for Appointment of Counsel, and Affidavit, her immigration counsel "is unfortunately unable to further assist Petitioner" with the proceedings. (Doc. 2 at 7 n.2; Doc. 1-2 at 1 (Declaration of Isaac

Rodriguez, Petitioner's Immigration Attorney).)   Thus, Petitioner has adequately shown that she cannot "articulate h[er] claims" without counsel. *See Weygandt*, 718 F.2d at 954.

Accordingly, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel (Doc. 2).   The Court **APPOINTS** Federal Defenders of San Diego, Inc. ("Federal Defenders") to represent Petitioner.

The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition (Doc. 1), the Motion for Appointment of Counsel (Doc. 2), and this Order to the United States Attorneys' Office and to Federal Defenders.  Counsel for Petitioner shall file a notice of appearance on or before **November 12, 2025**.

**IT IS SO ORDERED.**

DATE:  November 5, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE