UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIELA ALATORRE RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, et al.,<br><br>Respondents. | Case No.: 3:25-cv-02940-RBM-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1, 10]** |

Pending before the Court is Petitioner Mariela Alatorre Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of her detention by the United States Department of Homeland Security ("DHS"). (Doc. 1.) For the reasons below, the Petition is **GRANTED**.

## I. BACKGROUND

**A.  Factual Background**

Petitioner entered the United States without inspection when she was a child on or about July 15, 1991. (Doc. 1 at 6; Doc. 6 at 17.)[1] DHS issued her a Notice to Appear on

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1

3:25-cv-02940-RBM-JLB

March 10, 2009, charging her with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 6 at 17.) At some point before August 20, 2025, Petitioner was detained by DHS. (*See* Doc. 1 at 14.) On August 20, 2025, an immigration judge ordered Petitioner released from immigration custody on a $1,500 bond. (*Id.* at 1, 14–15.) DHS appealed this determination in light of the Board of Immigration Appeals' ("BIA") recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025). (*See id.* at 14–15.) The BIA sustained the appeal, vacated the immigration judge's bond decision, and ordered Petitioner detained without bond. (*Id.* at 15.) Aside from these facts, the fact that Petitioner has no criminal record (*id.* at 8), and the nearly 20 letters of support in the record from Petitioner's family and friends (*id.* at 20–52), the Parties' filings provide no more background.

**B.    Procedural Background**

On October 30, 2025, Petitioner filed the Petition against Christopher LaRose, Kristi Noem, Pamela Bondi, Todd Lyons, Gegory Archambeault, United States Immigration and Customs Enforcement ("ICE") and DHS (collectively, "Respondents"). (Doc. 1.) The same day, Petitioner filed a Motion for Appointment of Counsel. (Doc. 2). On November 5, 2025, the Court granted the Motion for Appointment of Counsel and ordered Respondents to show cause why the Petition should not be granted by filing a written response. (Doc. 4 at 2–4.) On November 17, 2025, Respondents filed their Return to Habeas Petition ("Response"). (Doc. 6.) On November 28, 2025, Petitioner filed her Traverse ("Reply").[2]

---

[2] Petitioner was ordered to "file a reply on or before **November 20, 2025 at 4:30 p.m.**" (Doc. 4 at 2) (emphasis in original). However, in her Motion to Shorten Time, Petitioner represents that "because the minute entry [appointing counsel] did not specifically state that Federal Defenders was being appointed, it was not flagged by [their] office and was not assigned to an attorney. The attorneys working on § 2241 habeas learned about the Court's order on November 25." (Doc. 10 at 1–2.) In light of Petitioner's representations, Doc. 10 is **GRANTED**, and the Court will consider Petitioner's untimely Reply.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that her detention is unlawful because she is subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225. (Doc. 1 at 2–3, 6–8.) Respondents argue that Petitioner: (1) is jurisdictionally barred from bringing her claims under 8 U.S.C. § 1252(g) and § 1252(b)(9); (2) failed to exhaust administrative remedies; and (3) is legally detained under the mandatory detention provisions of § 1225(b)(2). (Doc. 6 at 6–14.)

**A.   Jurisdiction**

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address Respondents' jurisdictional arguments. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). For the reasons set forth below, the Court finds that it has jurisdiction over Petitioner's claims.

Respondents argue first that the Court lacks jurisdiction to hear this Petition under 8 U.S.C. § 1252(g). (Doc. 6 at 6–8.) This statutory bar against judicial review precludes the Court from exercising jurisdiction over the Attorney General's decision to "commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C § 1252(g). The Supreme Court has narrowly interpreted § 1252(g) as applying

1  "only to [those] three discrete actions that the Attorney General may take." *Reno v. Am.-*
2  *Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis omitted) (quoting
3  8 U.S.C. § 1252(g)).
4        Petitioner does not challenge the decision to commence removal proceedings or any
5  act to execute a removal order. Rather, she challenges her ongoing detention on the
6  purported basis that she is subject to mandatory detention. (Doc. 1 at 2, 6–7.) She is thus
7  enforcing her "constitutional rights to due process in the context of the removal
8  proceedings—*not* the legitimacy of the removal proceedings or any removal order."
9  *Garcia v. Noem*, Case No.: 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal.
10 Sept. 3, 2025) (emphasis in original); *see Chavez v. Noem*, — F. Supp. 3d —, 2025 WL
11 2730228, at *3 (S.D. Cal. Sept. 24, 2025) (finding the same); *United States v. Hovespian*,
12 359 F.3d 1144, 1155 (9th Cir. 2004) (noting a "district court may consider a purely legal
13 question that does not challenge the Attorney General's discretionary authority, even if the
14 answer to that legal question . . . forms the backdrop against which the Attorney General
15 later will exercise discretionary authority"). Therefore, § 1252(g) does not strip the Court
16 of jurisdiction.
17       Respondents argue second that Petitioner's claims "necessarily arise" from the
18 Attorney General's decision to commence removal proceedings against her. (Doc. 6 at 7.)
19 This interpretation of 8 U.S.C. § 1252(g) would "eliminate judicial review of immigration
20 [detainees'] claims of unlawful detention . . . inconsistent with *Jennings v. Rodriguez* and
21 the history of judicial review of the detention of noncitizens under 28 U.S.C. § 2241."
22 *Sanchez v. LaRose*, Case No.: 25-cv-2396-JES-MMP, 2025 WL 2770629, at *2 (S.D. Cal.
23 Sept. 26, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)); *Zadvydas v.
24 Davis*, 533 U.S. 678, 699 (2001); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir.
25 2022)). Accordingly, as other courts in this District have found in similar cases, the Court
26 has jurisdiction to hear Petitioner's claims that her detention is unlawful under 28 U.S.C.
27 § 2241. *See Sanchez*, 2025 WL 2770629, at *2; *Noori v. LaRose*, Case No.: 25-cv-1824-
28 GPC-MSB, 2025 WL 2800149, at *6–7 (S.D. Cal. Sept. 15, 2025).

1    Respondents argue third that 8 U.S.C. § 1252(b)(9) bars judicial review of Petitioner's claims because Petitioner is challenging the basis upon which she is detained, and the exclusive means of judicial review of such claims is a petition for review to a court of appeals. (Doc. 6 at 8–10 (citing *Reno*, 525 U.S. at 483).) Section 1252(b)(9) provides that judicial review of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

Section 1252(b)(9) was "intended to 'channel judicial review over final orders of removal to the courts of appeals,' not 'foreclose *all* judicial review of agency actions' touching on deportation proceedings writ large." *Salvador v. Bondi*, Case No. 2:25-cv-07946-MRA-MAA, 2025 WL 2995055, at *4 (C.D. Cal. Sept. 2, 2025) (quoting *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis in original)). The Supreme Court has "explained that practically any question of fact or law related to immigration detention technically 'aris[es] from' actions taken to remove a noncitizen 'in the sense that the [noncitizen's] injuries would never have occurred if they had not been placed in detention.'" *Salvador*, 2025 WL 2995055, at *4 (quoting *Jennings*, 583 U.S. at 293). But "cramming judicial review of those questions into the review of final removal orders would be absurd." *Jennings*, 583 U.S. at 293. In rejecting such an expansive interpretation of § 1252(b)(9), the *Jennings* court reasoned:

> Interpreting 'arising from' in this extreme way would . . . make claims of [unlawful] detention effectively unreviewable. By the time a final order of removal was eventually entered, the allegedly [unlawful] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review.

*Id.* at 293.

This logic applies equally here. As discussed above, Petitioner challenges the legality of her continued detention rather than a final order of removal. Accordingly,

§ 1252(b)(9) does not strip this Court of jurisdiction. *See Salvador*, 2025 WL 2995055, at *5 (rejecting similar argument under § 1252(b)(9)); *Noori*, 2025 WL 2800149, at *7 (same).

**B.   Exhaustion**

Respondents also argue that the Court "should ensure Petitioner properly exhausts administrative remedies." (Doc. 6 at 10 n.1.) "Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). Although 28 U.S.C. § 2241 "does not specifically require petitions to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). The Court "may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (cleaned up).

"The Court, following other courts in this District, finds that exhaustion would be futile because the [BIA] is obligated to apply the binding precedent of *Matter of Yajure Hurtado*, 29 I & N. Dec. 216 (BIA 2025) to find that detention is mandatory under 8 U.S.C. § 1225(b)(2)." *Esquivel-Ipina v. LaRose*, Case No.: 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025); *see also Garcia*, 2025 WL 2549431, at *4–5 (same); *Chavez*, 2025 WL 2730228, at *3–4 (same).

**C.   Mandatory or Discretionary Detention**

The statutory provision governing Petitioner's detention determines what procedures Respondents must follow. Under 8 U.S.C. § 1225(b)(2), noncitizens are subject to mandatory detention without eligibility for bond. "Under § 1226(a), noncitizens are entitled to a bond hearing before an immigration judge to determine whether they pose a flight risk or danger to the community." *Ledesma Gonzalez v. Bostock*, CASE NO. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *2 (W.D. Wash. Oct. 7, 2025); *Casas-*

*Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008) (holding that "§ 1226(a) must be construed as *requiring* the Attorney General to provide the [noncitizen] with such a hearing"), *abrogation on other grounds recognized by Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023). For the reasons set forth below, the Court finds that Petitioner is subject to the procedures set forth in § 1226(a).

### 1. Mandatory Detention Under § 1225

Section 1225 applies to noncitizens who are "applicants for admission." An applicant for admission is a noncitizen "who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted.'" *Jennings*, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(a)(1)). All applicants for admission "shall be inspected by immigration officers" to assess whether they may be admitted. § 1225(a)(3). "[I]f the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained." § 1225(b)(2)(A). Other than for a limited exception under 8 U.S.C. § 1182(d)(5)(A) for parole "for urgent humanitarian reasons or significant public benefit," which is not implicated here, detention under § 1225(b)(2) is mandatory. *Sequen v. Albarran*, — F. Supp. 3d —, 2025 WL 2935630, at *1 (N.D. Cal. Oct. 15, 2025) (noting that "noncitizens subject to 1225(b)(2) . . . are subject to mandatory detention while their full removal proceedings are pending").

### 2. Discretionary Detention Under § 1226

Section 1226 applies to noncitizens who are "detained pending a decision on whether the [noncitizen] is to be removed from the United States." Section 1226 affords the government significant discretion; so long as the detained noncitizen is not covered by § 1226(c), the Attorney General may release the noncitizen on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). Such release is proper where the noncitizen "satisfies [the government] that [she] will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." § 1226(a)(4). If a noncitizen wishes to contest the initial custody determination, the denial or amount of bond, she has a right to do so before an immigration judge. 8 C.F.R. § 1236.1(d)(1).

### 3. Petitioner is Subject to § 1226

The Court agrees with the multitude of district court opinions that have concluded "a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens 'seeking admission' [do] not apply to someone like [Petitioner]," who has been residing in the United States for over 30 years. *See Lopez Benitez v. Francis*, — F. Supp. 3d —, 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025).

The statutory text—and its interpretation by the great weight of district courts to have considered it[3]—establishes that Petitioner was detained under § 1226. Section 1225(b)(2)(A) states: "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained for a proceeding under section 1229a of this title." Thus, for § 1225(b)(2)(A) to apply, a noncitizen must be: "(1) an applicant for admission; (2) seeking admission; and (3) not clearly and beyond a doubt entitled to be admitted." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 214 (D. Mass. 2025).

The *Rodriguez* court extensively analyzed which statute governs noncitizens in circumstances like Petitioner's. 2025 WL 2782499, at *16–24. It held that noncitizens who entered the United States without inspection but have been "residing in the United States" and were "not apprehended upon arrival" are governed by § 1226. *Id.* at *16–17, 19, 21. The court reasoned that § 1225(b)(2) requires that the noncitizen be "seeking admission," language that "necessarily implies some sort of present-tense action." *Id.* at

---

[3] *See Quispe v. Crawford*, Civil Action No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country . . . have concluded."); *Rodriguez v. Bostock*, — F. Supp. 3d —, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (holding the same and collecting over 20 cases).

*22 (citing *Al Otro Lado v. Wolf*, 952 F.3d 999, 1011 (9th Cir. 2020) (finding that the phrase "*arriving* in the United States" and its "use of the present progressive, like use of the present participle . . . denotes an ongoing process") (emphasis in original), *cert. granted* No. 25-5, 2025 WL 3198572, at *1 (U.S. Nov. 17, 2025)).

This Court finds the reasoning in *Rodriguez* persuasive and adopts it here. Petitioner had been residing in the United States for over 30 years at the time of her arrest in 2025. (Doc. 1 at 6.) She "has not taken any affirmative act, such as submitting an application for admission to the United States." *Castro v. LaRose*, 25-cv-2645-BAS-BJW, ECF No. 12, at *7 (S.D. Cal. Nov. 17, 2025). She "was not arrested at the border or a port of entry where [she] was subject to inspection. Instead, [she] was arrested . . . while already in the United States, and thus, is subject to Section 1226." *Id.*; *accord Martinez*, 792 F. Supp. 3d at 223 (concluding that because the petitioner had already been residing in the United States for years when she was detained, "Section 1225(b)(2)(A) . . . simply had no application to her case"). Because an immigration judge found Petitioner had shown she was not a danger to persons or property or a flight risk provided she posted a $1,500 bond, and because DHS's appeal arguing otherwise defies statutory construction, Petitioner is being held in violation of federal law.[4] Accordingly, the Petition is **GRANTED**.[5]

---

[4] Additionally, the United States District Court for the Central District of California recently issued an order certifying a nationwide class of noncitizens "who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time [DHS] makes an initial custody determination." *Bautista v. Santacruz Jr.*, — F. Supp. 3d —, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court also granted the named petitioners' motion for partial summary judgment and held that class members are detained under § 1226 rather than § 1225. *See generally Bautista*, 5:25-cv-01873-SSS-BFM (C.D. Cal. Nov. 20, 2025), ECF No. 81. The court "extend[ed] the same declaratory relief granted to [the named petitioners] to the [nationwide class] as a whole." *Bautista*, 2025 WL 3288403, at *9. For the reasons discussed in this Order, Petitioner is a member of this class and entitled to the same relief.

[5] Because the Court does not rely on any disputed facts in resolving the Petition, it finds

### IV. CONCLUSION

For the foregoing reasons, the Motion to Shorten Time (Doc. 10) and the Petition (Doc. 1) are **GRANTED**. Accordingly, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same bond and conditions of release as ordered by the immigration judge on August 20, 2025. (*See* Doc. 1 at 14.)

**IT IS SO ORDERED.**

DATE: December 2, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

that an evidentiary hearing is unnecessary.