UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIELA ALATORRE RODRIGUEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 3:25-cv-02940-RBM-JLB<br><br>**ORDER RE EMERGENCY REQUEST TO CLARIFY CLERICAL ERROR AND TO REQUEST APPROPRIATE REMEDY**<br><br>**[Doc. 13]** |

On December 1, 2025, the Court granted Petitioner's Petition for Petition of Writ of Habeas Corpus. (Doc. 11.) The Court ordered Respondents to immediately release Petitioner "subject to the same bond and conditions of release as ordered by the immigration judge on August 20, 2025." (*Id.* at 10.) On December 3, 2025, Petitioner filed an Emergency Request to Clarify Clerical Error and to Request Appropriate Remedy ("Emergency Request"), notifying the Court that Respondents have not released Petitioner because the immigration judge had not issued Petitioner a bond on August 20, 2025. (Doc. 11 at 1.) Upon receipt of the Emergency Request, the Court ordered the Parties to file a joint supplemental brief clarifying the record. (Doc. 14.) The Parties timely filed their Joint Supplemental Brief. (Doc. 15.)

In the Joint Supplemental Brief, the Parties indicated that the August 20, 2025 bond determination in the record (*see* Doc. 1 at 14) "does not relate to Petitioner and that Petitioner was never granted bond by an immigration judge on August 20, 2025." (Doc. 15 at 2.) Petitioner was, however, released from immigration custody on March 16, 2009 on a $1,500 bond. (Doc. 15-1 at 2.) The Court appreciates the Parties' timely cooperation in clarifying the record.

The Parties now dispute only the appropriate remedy: whether Petitioner should be immediately released or receive a new bond hearing. (Doc. 15 at 2.) Chief Judge Bashant's opinion in *Lopez-Mendez v. LaRose* is instructive. Case No. 25-cv-03037-BAS-DDL, 2025 WL 3295331, at *1–4 (S.D. Cal. Nov. 26, 2025). There, the petitioner entered the United States in 1998, was arrested in 2017, and on June 23, 2017 was released on a $5,000 bond. *Id.* at *1. For the next eight years before he was re-detained, the petitioner "lived in the United States with his wife and children . . . checked in regularly with Immigration and Customs Enforcement, . . . and was given a work permit and a Social Security number." *Id.* The court, after finding that the petitioner was being unlawfully detained under 8 U.S.C. § 1226, granted the petition and ordered the petitioner released "from immigration custody on the same $5,000 bond and conditions of release as ordered by the Immigration Judge on June 23, 2017." *Id.* at 4.

Here, Petitioner entered the United States in 1991, was arrested in March 2009, and on March 16, 2009 was released on a $1,500 bond. (Doc. 1 at 6; Doc. 15-1 at 2.) For the next 15 years before she was re-detained, Petitioner lived in the United States with her siblings and children and worked as a caregiver for the elderly. (*See* Doc. 1 at 20–52.) As the Court already determined, Petitioner is being unlawfully detained under 8 U.S.C. § 1226. (Doc. 11 at 7–9.) Therefore, the Court now **ORDERS** Respondents to immediately release Petitioner from custody, subject to the same $1,500 bond and conditions of release as ordered by the immigration judge on March 16, 2009. (*See* Doc. 15-1 at 2.)

///

The Court disagrees that "the proper remedy in this matter is . . . an individualized bond hearing under 8 U.S.C. § 1226(a)." (Doc. 15 at 2.) This argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, [s]he will already have suffered the injury [s]he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, [s]he will have already suffered the harm that is the subject of h[er] motion; that is, h[er] potentially erroneous detention.").

## I.  CONCLUSION

For the foregoing reasons, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same $1,500 bond and conditions of release as ordered by the immigration judge on March 16, 2009. (*See* Doc. 15-1 at 2.)

**IT IS SO ORDERED.**

DATE:  December 4, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE